# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-11494
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURICE COLEMAN,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-59-1

————

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Appealing the judgment on revocation of supervised release, Maurice Coleman argues that the district court violated his Sixth Amendment rights by finding, without a jury trial, that he violated his conditions by a preponderance of the evidence. The Government has filed an unopposed motion for summary affirmance, requesting alternatively an extension of time to file its brief. Summary affirmance is proper where, among other instances,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11494

"the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In *United States v. Hinson,* 429 F.3d 114, 117-119 (5th Cir. 2005), we held that revocation of supervised release is not part of a criminal prosecution and therefore does not require a jury trial or proof beyond a reasonable doubt under the Sixth Amendment. Coleman concedes that *Hinson* forecloses his argument but seeks to preserve the issue for further possible review in light of the Supreme Court's grant of certiorari in *United States v. Haymond*, 139 S. Ct. 398 (2018). We are bound by the decision of a prior panel in the absence of en banc consideration or a superseding Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for extension of time is DENIED, and the judgment of the district court is AFFIRMED.